UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CONCHITA MERCED-TORRES and CESAR VIVES,

Plaintiffs,

-vs-

MERCK & CO., INC., GENA ORTEGA f/k/a GENA GHAZZI, an individual, and JOHN E. (JACK) KILKELLY, an individual

Defendants.

2:06cv127-T

Case No. 6:05-cv-449-Orl-19DAB

## ORDER

This case comes before the Court on the following:

1. Plaintiffs Conchita Merced-Torres' and Cesar Vives' First Motion to Remand and Supporting Memorandum of Law. (Doc. No. 12, filed on April 4, 2005).

2. Defendant Merck & Co., Inc.'s Memorandum in Opposition to Plaintiffs' First Motion to Remand. (Doc. No. 23, filed on April 21, 2005).

3. Defendant Merck & Co, Inc.'s Objections to the Magistrate Judge's Order Granting Plaintiffs' Motion to Shorten Time. (Doc. No. 18, filed on April 8, 2005).

4. Plaintiffs Conchita Merced-Tores' and Cesar Vives' Request that the Court rule on Defendant Merck & Co., Inc.'s Objections to the Magistrate Judge's Order Granting Plaintiffs' Motion to Shorten Time. (Doc. No. 32, filed on May 6, 2005).

5. Defendant Merck & Co., Inc.'s Opposition to Plaintiffs' Request that the Court rule on Defendants' Merck & Co., Inc.'s Objections to the Magistrate Judge's Order Granting

-1-



M005119775

Plaintiffs' Motion to Shorten Time. (Doc. No. 33, filed on May 6, 2005).

### Background

On March 24, 2005, Defendant Merck & Co., Inc. ("Merck") filed a notice of removal of Plaintiffs' Conchita Merced-Tores' and Cesar Vives' suit from the Ninth Judicial Circuit in Orange County, Florida to the United States District Court for the Middle District of Florida. (Doc. No. 1, filed on March 24, 2005). In the notice, Merck argued that Plaintiffs had fraudulently joined Gena Ortega and John Kilkelly in their lawsuit in the Ninth Judicial Circuit and that complete diversity of citizenship existed between Plaintiffs and Merck.

In the complaint, Plaintiffs alleged six counts against Defendant Merck & Co., Inc. and four counts against Defendants Gena Ortega and John Kilkelly regarding Plaintiffs' ingestion of Vioxx, including strict liability against Merck, negligence, negligent misrepresentation, and fraud against all Defendants, a violation of the Florida Deceptive and Unfair Trade Practices Act against Merck, and loss of consortium against all Defendants. (Doc. No. 2, filed on March 24, 2005). Plaintiffs also alleged that Merck is a New Jersey corporation that was authorized to conduct business in Florida and that Ortega and Kilkelly are residents of Florida and sales representatives employed by Merck to promote, market, sell, distribute, and encourage physicians to prescribe Vioxx. (Id. at ¶¶ 10, 14, 15).

On April 4, 2005, Plaintiffs filed their First Motion to Remand, arguing that collateral estoppel precludes Merck from removing this case to federal court, that Merck's contention that Plaintiffs' joinder of Ortega and Kilkelly was fraudulent is unsupported by the facts and case law, and that Plaintiffs had alleged sufficient facts to support claims against Ortega and Kilkelly. (Doc. No. 12). Plaintiffs also filed a Motion to Shorten Time requesting the Court to order Defendants to provide the identity of the Merck sales representatives responsible for soliciting Vioxx to Kissimmee, Florida

-2-

and/or Orange County, Florida and to provide the identity of the Merck sales representatives from 2001 to the present who were responsible for soliciting Dr. Olga Penerena and Dr. Cecilio Torres-Ruiz for Vioxx. (Doc. No. 13, filed on April 4, 2005).

In opposing Plaintiffs' First Motion to Remand, Defendants Ortega and Kilkelly filed declarations with the Court.[1] (Doc. No. 23, Ex. A, "Declaration of Gena Ortega") (Doc. No. 23, Ex. B, "Declaration of John Kilkelly"). In her declaration, Ortega testified that she had been employed by Merck as a professional representative, that she was responsible for making contacts with healthcare professionals in the Brandon/Tampa area regarding Vioxx, and that she never had any contact with Dr. Olga Penerena or Dr. Cecioilo Ruiz-Torres. (Doc. No. 23, Ex. A, ¶¶ 3, 5). Ortega further testified that she never supervised any other professional representative for Merck who had any discussions regarding Vioxx with either of these physicians and that she had never had a conversation with Plaintiffs concerning Vioxx. (Id. at ¶¶ 6, 7). In his declaration, Kilkelly similarly testified that he worked for Merck in the Tampa Florida District, that he never called any physician in Kissimmee Florida or supervised any professional representatives who had contact with health care professionals in Orange County, Florida or Kissimmee, Florida, that he never contacted Dr. Olga Penerena or Dr. Cecilio Ruis-Torres, and that he never spoke with Plaintiffs regarding Vioxx. (Doc. No. 23, Ex. B, ¶¶ 2, 5, 6, 9).

Plaintiffs have not countered the sworn declarations of Ortega and Kilkelly with evidence.

---

[1] While the declarations have not been notarized, Ortega's and Kilkelly's declarations are admissible as evidence because they meet the requirements of 28 U.S.C. section 1746. Under 28 U.S.C. section 1746, any matter that is required to be supported by a sworn declaration may, with like force and effect, be supported by an unsworn declaration, subscribed by the party, in writing, dated, and substantially attesting that the party declares under penalty of perjury that the foregoing is true and correct.

-3-

M0051197777

On April 7, 2005, the Magistrate Judge granted Plaintiffs' Motion to Shorten Time and ordered Merck to produce the identities of the Merck sales representatives sought in Plaintiffs' interrogatories as set forth in their motion by 5pm on April 8, 2005. (Doc. No. 16, filed on April 7, 2005).

Merck objected to the Magistrate Judge's Order Granting Plaintiffs' Motion to Shorten Time. (Doc. No. 18, filed on April 8, 2005).

This Order analyzes Plaintiffs' Motion to Remand and Merck's Objections to the Magistrate Judge's Order Granting Plaintiffs' Motion to Shorten Time.

### Standard of Review

The Constitution and Congress limit a federal court's jurisdiction by restricting the types of cases which the courts may hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, there is a strong presumption that state court jurisdiction is proper, and the statutory right of removal is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.") (citations omitted). All doubts about jurisdiction should be resolved in favor of remand to state court. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted).

### Analysis

Plaintiffs argue that collateral estoppel precludes Merck from removing this case from state court to federal court because Merck has previously attempted and failed to defeat remand by claiming fraudulent joinder in claims involving Ortega, Kilkelly, and Merck. The orders upon which Plaintiffs seek to rely to collaterally estop Merck are orders from courts in this district, the Southern District of

-4-

M0051l9778

Florida, and the Southern District of Illinois.

A party properly invokes collateral estoppel when "the issue in the subsequent proceeding is identical to the one involved in the prior action, the issue was actually litigated, and the determination of the issue was necessary in the prior action." *Cotton States Mutual Ins. Co. v. Anderson*, 749 F.2d 663, 666 (11th Cir. 1984) (internal citation and quotation omitted). The offensive use of collateral estoppel occurs when the plaintiff seeks to preclude the defendant from litigating an issue that the defendant previously litigated in an action with another party. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.4 (1979). Courts have broad discretion in determining whether offensive collateral estoppel is appropriate. *Id.* at 331.

Plaintiffs move to remand this case to state court pursuant to 28 U.S.C. section 1447(c).[2] Under 28 U.S.C. section 1447(d),[3] an order remanding an action to state court pursuant to section 1447(c) is not reviewable on appeal, even if the remand order is clearly erroneous. *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1291 (11th Cir. 2000). Offensive collateral estoppel is not appropriate in cases where an issue is not reviewable on appeal. *Warner/Elektra/Atlantic Corp. v. County of Dupage*, 991 F.2d 1280, 1282 (7th Cir. 1993) ("an unappealable finding does not collaterally estop"); *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2nd Cir. 1986) ("inability to obtain appellate review...does prevent preclusion"). Because the orders that Plaintiffs urge the Court to rely on to

---

[2] 28 U.S.C. section 1447(c) provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[3] 28 U.S.C. section 1447(d) states: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

-5-

collaterally estop Merck are not reviewable on appeal, the Court finds that the doctrine of offensive collateral estoppel is not applicable to this case.

Merck seeks to prevent remand of this case to state court by arguing that Ortega and Kilkelly were fraudulently joined as defendants and, as such, do not defeat this Court's diversity jurisdiction. When alleging fraudulent joinder, "the removing party has the burden of proving that either: (1) there is no possibility that the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The removing party bears a heavy burden in meeting these requirements. *Id.* To determine whether the case should be should be remanded, the Court evaluates the factual allegations in the light most favorable to the plaintiff and resolves any uncertainties about state substantive law in the plaintiff's favor. *Id.; see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). In addition to the plaintiff's pleadings, the Court may consider evidence such as affidavits and depositions submitted by the parties. *Crowe*, 113 F.3d at 1538; *Cabalceta*, 883 F.2d at 1561.

Plaintiffs alleged several claims against Ortega and Kilkelly which include negligence, negligent misrepresentation, fraud, and loss of consortium. Plaintiffs, however, have failed to counter the declarations of Ortega and Kilkelly with evidence. Because the declarations of Ortega and Kilkelly demonstrate that neither of them, either directly or through representatives under their supervision, communicated with Plaintiffs or Plaintiffs' physicians about Vioxx, Plaintiffs cannot establish a cause of action for negligence, negligent misrepresentation, fraud, or loss of consortium against Ortega or Kilkelly. Thus, Ortega and Kilkelly were fraudulently joined.

As for Plaintiffs' attempt to seek the identities of the representatives from Merck who are

-6-

connected to Plaintiffs' case, the Multi-District Litigation Panel will determine the identities of the representatives, and it is not necessary for Merck to produce this information at this time. Therefore, the Court sustains Merck's Objections to the Magistrate Judge's Order that Merck produce the identities of the sales representatives sought in Plaintiffs' interrogatories as set forth in their motion.

### Conclusion

Based on the foregoing, the Court rules as follows:

1. Plaintiffs Conchita Merced-Torres' and Cesar Vives' First Motion to Remand is DENIED. (Doc. No. 12).

2. Defendant Merck & Co, Inc.'s Objections to the Magistrate Judge's Order Granting Plaintiffs' Motion to Shorten Time are SUSTAINED. (Doc. No. 18).

DONE and ORDERED in Chambers in Orlando, Florida on May ___17th___ 2005

*[signature]*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record