IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES O. STRUTHERS, Individually, and as Administrator of the Estate of ALICIA STRUTHERS, deceased, | * * * * * |
| Plaintiff, | * * |
| v. | *   CV 2:06-cv-127-MHT |
| | * |
| MERCK & CO., INC., a foreign Corporation; ANNE BRANDON, an individual; LAMONDE RUSSELL, an individual; and ficitious defendants, et al, etc., | * * * * * * |
| Defendants. | * |

## DEFENDANT MERCK & CO., INC.'S BRIEF IN SUPPORT OF MOTION TO STAY

Pursuant to the Court's order of February 14, 2006 (Doc. 7) comes now Defendant Merck & Co., Inc. and provides this submission in support of its Motion to Stay filed on February 9, 2006 (Doc. 6). In support of its Motion, Merck adopts and incorporates the brief, citations and arguments contained in the Motion to Stay, itself. As pointed out in that pleading, policies of justice and efficiency weigh in favor of this court exercising its discretion to stay all further proceedings pending the MDL panel's action. *Boudreaux v. Metropolitan Life Ins. Co.,* No. 95-138, 1995 WL 83788, *1

1

(E. D. La. Feb. 24,1995).  Numerous courts have stayed proceedings pending determinations by the panel on the appropriateness of coordination under Section 1407 [see cases cited in Motion to Stay].  This includes this court as well as the other district courts in the state of Alabama.[1]

A stay is also appropriate in this case in the interest of judicial economy and to avoid the risk of conflicting rulings between this court and the MDL court.  As noted in the Motion to Stay, the purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner.  The Judicial Panel on Multidistrict Litigation found that the actions in this litigation involved common questions of fact and that centralization of the cases would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Judicial economy would be served because this court would not have to use judicial resources in making rulings in a case over which it will likely lose jurisdiction.

---

[1]  See, e.g., *T. Rawdon Beaty v. Merck & Company, Inc.*,, (M. D. Ala., N. D., 2:05-cv-830W); *Virgil Boutwell v. Merck & Company, Inc.*, (N. D.. Ala., S. D., CV 05-B-2239-S); *Bettie Cassel v. Merck & Company, Inc.*, (S. D. Ala., S. D., CV-05-626); *Henry Coxwell v. Merck & Company, Inc.*, (S. D. Ala., S. D., 1:05-cv-00680-CBD); *Oral Davis v. Merck & Company, Inc.*, (M. D. Ala., S. D., 1:04-cv-01247-EF-SRW); *Wynell Davis v. Merck & Company, Inc.*, (N. D. A., S. D., CV-05-CO-0906-J); *Sandra R. Denney v. Merck & Company, Inc.*, (M. D. Ala., N. D., 2:05-cv-00191-MHT); *Margaret Hadley v. Merck & Company, Inc.*, (S. D. Ala. S. D.1:05-cv-00470-BH-C); *Diana James v. Merck & Company, Inc.*, (M. D. Ala., E. D., 3:05-cv-366) ; *Yolanda King v. Merck & Company, Inc.*, (M. D. Ala. N. D.,2:05-cv-165-T); *Ernestine Stevens v. Merck & Company, Inc.*, (M. Ala., N. D., 2:05-cv-138-F., et al.

In addition, as pointed out in the Motion to Stay, Merck would be prejudiced absent a stay. Without a stay, Plaintiffs would be free to pursue a strategy of aggressive litigation and discovery in hundreds, if not thousands, of individual cases during the weeks between initial filing and transfer to the MDL court. Granting a stay in newly filed cases does not prejudice the plaintiff, but not granting a stay would be a severe prejudice to the defendant.

Merck has provided notice of this related action to the MDL panel in a "tag-along" letter. Merck expects a conditional transfer order including this case to be issued shortly by the MDL panel. As pointed out in the Motion to Stay, transfer of the case to Judge Fallon's court will occur within weeks after the entry of the conditional transfer order, regardless of whether Plaintiff objects to the transfer or not. Both the interests of judicial economy and avoiding severe prejudice to Defendant weigh strongly in favor of granting a stay of proceedings during these few intervening weeks.

Based on the foregoing, Merck respectfully urges this Court to enter an order staying all proceedings in this action pending the finalization of the transfer of this action to MDL-1657.

Respectfully submitted,

        **s/ Richard B. Garrett**

        Richard B. Garrett
            Bar Number: (ASB-0782-A29R)
        Mike Brock
            Bar Number: (ASB-5280-B61R)
        F. Chadwick Morriss
            Bar Number: (ASB-8504-S75F)

        RUSHTON, STAKELY, JOHNSTON
        & GARRETT, P.A.
        Post Office box 270
        Montgomery, Alabama 36101-0270
        Telephone:  334/206-3100
        Fax:  334/263-4157
        E-mail:    rbg@rsjg.com
                    rcb@rsjg.com
                    fcm@rsjg.com

        **Attorneys for Defendants**

## CERTIFICATE OF SERVICE

    I hereby certify that on February 23, 2006, I electronically filed the foregoing with the Clerk of the court using CM/ECF system which will send notification of such filing to the following:  J. Paul Sizemore.

        **s/Richard B. Garrett**
            COUNSEL