IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES O. STRUTHERS, Individually, and as Administrator of the Estate of ALICIA STRUTHERS, deceased, | * * * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 2:06-cv-127-MHT |
| MERCK & CO., INC., a foreign Corporation; ANNE BRANDON, an individual; LAMONDE RUSSELL, an individual; and ficitious defendants, et al, etc., | * * * * * * | |
| Defendants. | * | |

## BRIEF IN SUPPORT OF MOTIONS TO DISMISS OF DEFENDANTS BRANDON AND RUSSELL

Come now Defendants Ann Brandon and Lamonde Russell, pursuant to the Court's order of February 14, 2006 (Doc. 7) and submit this brief in support of their Motions to Dismiss (Docs. 4 and 5), previously filed. In support of their motions, these defendants adopt and incorporate the legal arguments, citations, and exhibits in Merck & Company, Inc.'s Notice of Removal dated February 2, 2005 (Doc. 1).

In their sworn declarations (attached as Exhibit F to the Notice of Removal), these defendants verified that they did not manufacture,

1

design, sell, prescribe, test or warrant Vioxx®. They also verified that they made no knowing misrepresentation concerning the safety or efficacy of Vioxx and pointed out that the information that they used during the course of their employment was provided to them by their employer. Finally, they verified that they had no involvement in the development or preparation of prescribing information for Vioxx and did not have responsibility for the content or other written warnings concerning Vioxx. Given these facts, the Notice of Removal points out that plaintiff does not have a viable claim against these defendants based on any of the counts in which they are included. (The Notice of Removal also points out that most of these allegations are broad, collective, and conclusory claims that lump "the defendants" together and do not set out individual claims against these individual defendants.[1])

In regard to specific claims, the Notice of Removal points out that plaintiff's fraud and fraudulent misrepresentation counts (Counts V and VI) are deficient because plaintiff did not specifically allege that the employee defendants, independently from Merck, made a misrepresentation to plaintiff's decedent or her prescribing physicians.

---

[1] The Notice of Removal cites numerous cases that have held that such vague, uncertain and boilerplate assertions are not sufficient as a factual basis for a claim against an employee defendant. See, e.g., *Tillman v. R. J. Reynolds Tobacco*, 253 F. 3rd 1302, 1305 (11th Cir. 2001); *Banger Ex rel Freeman v. Magnolia Nursing Home L. P.*, 234 F. Supp. 2d, 633, 637-38 (S. D. Ms. 2002) (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000)); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001) ("*Rezulin II*"); *Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997).

These fraud and misrepresentation claims are also deficient because plaintiff failed to plead the claims with the specificity required by the Federal Rules of Civil Procedure. (Fed. R. Civ. P. 9(b); *See, e.g., Wakeland v. Brown & Williamson Tobacco Company,* 996 F. Supp. 1213, 1221 (S. D. Ala. 1998); *Bloodworth v. Smith & Nephew,* 2005 WL 3470337, at *10-*11 (M. D. Ala. Dec. 19, 2005) and other cases cited in the Notice of Removal.

Counts III and IV (breach of express and implied warranty) fail against these defendants because Alabama's adoption of the UCC requires that the accused party be a "seller" to be liable for breach of warranty. *See* Alabama Code Section 7-2-103(1)(d) and other code sections and cases cited in the Notice of Removal. Count VII (wrongful death) is deficient because it does not make any new allegations of alleged wrongful conduct, but merely makes reference to the allegations contained in the previous counts of the Complaint. Finally, Count VIII (loss of consortium) fails to state a claim because it is a derivative claim that is dependent upon a separate viable claim. See e.g., *Davis v. Wal-Mart Stores, Inc.*, 64 F. Supp. 2d 1176, 1181 (M. D. Ala. l999).

Based upon the foregoing, and upon the more detailed analysis and citations in Merck's Notice of Removal, it is clear that Plaintiff has not stated any viable claims against these individual defendants. Thus, there is

3

a failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and these defendants' Motions to Dismiss are due to be granted.

Respectfully submitted,

s/ Richard B. Garrett_____

Richard B. Garrett
    Bar Number: (ASB-0782-A29R)
Mike Brock
    Bar Number: (ASB-5280-B61R)
F. Chadwick Morriss
    Bar Number: (ASB-8504-S75F)


RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone:  334/206-3100
Fax:  334/263-4157
E-mail:    rbg@rsjg.com
            rcb@rsjg.com
            fcm@rsjg.com

**Attorneys for Defendants**


**CERTIFICATE OF SERVICE**

5

      I hereby certify that on February 23, 2006, I electronically filed the foregoing with the Clerk of the court using CM/ECF system which will send notification of such filing to the following:  J. Paul Sizemore.

                                 **s/Richard B. Garrett**
                                    COUNSEL