IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| GLENDORA TURNER, individually and as Administratrix of the Estate of William Lee Turner,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>MERCK & CO., INC., a foreign corporation, et al.,<br><br>　　　Defendants. | CIVIL ACTION NO.<br>2:05cv702-T |

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. The court agrees with plaintiff that there has been neither fraudulent joinder, Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883



PLAINTIFF'S EXHIBIT "A"

F.2d 1553, 1561 (11th Cir. 1989), nor <u>fraudulent misjoinder</u>, <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (Doc. no. 11) is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Bullock County, Alabama.

It is further ORDERED that the motion to stay (Doc. No. 5) is denied and the motion to dismiss (Doc. No. 3) is left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 21st day of September, 2005.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80012-C.V.-HURLEY

EVELYN IRVIN, as Personal Representative of the
Estate of RICHARD IRVIN, JR.,
    plaintiff,
vs.

MERCK & CO., INC., JOE GHEZZI, and
CHRIS METROPULOS,
    defendants.
_____/

ORDER DIRECTING REMAND & CLOSING FILE

THIS CAUSE is before the court *sua sponte* for review of its subject matter jurisdiction for the second time on the successive notice of removal filed by defendant Merck & Co., Inc. For reasons discussed below, the court shall again remand the case, this time with taxation of attorney's fees and costs.

I. INTRODUCTION

Plaintiff originally filed this suit in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on May 14, 2003, asserting state law claims arising out of the wrongful death of plaintiff's decedent in consequence of his ingestion of the prescription drug Vioxx, a pharmaceutical product manufactured and marketed by defendant Merck & Co.

On June 6, 2003, defendant Merck filed its first notice of removal, asserting the diversity jurisdiction of this court under 28 U.S.C. §1332. On October 7, 2003, the court remanded the case to state court for lack of subject matter jurisdiction due to defendant's failure to sustain its burden of establishing the claimed fraudulent joinder of defendants Joe Ghezzi and Chris

1

Metropulos.

On January 7, 2005, Merck filed its second notice of removal in this court. The sole basis for its renewed removal effort is that discovery in the state court proceedings has now proven that defendants Ghezzi and Metropulos are not the correct individuals involved in marketing the Vioxx product at issue in this case. According to Merck, the non-involvement of these individuals was conclusively established at the December 7, 2004 deposition of Dr. Christopher Schirmer, the prescribing physician. Thus, defendant does not assert a new basis for removal, but rather, argues that discovery in the state court proceeding has revealed additional facts which buttress its original contention regarding the fraudulent joinder of defendants Ghezzi and Metropulos.

## II. DISCUSSION

28 U.S.C. § 1446(b), provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or procedure is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

This section, which allows a defendant to remove a previously remanded case where subsequent pleadings or events reveal a new and different basis for removal, *see e.g.*

2

*Browning v Navarro*, 743 F.2d 1069, 1079 n. 29 (5th Cir. 1984), must be read in harmony with 28 U.S.C. §1447(d), which provides that a remand order is "not reviewable on appeal or otherwise." Section 1447 (d) thus not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order based on lack of subject matter jurisdiction or defects in the removal procedure. *See First Union National Bank v Hall*, 123 F.3d 1374 (11th Cir. 1997), *cert. dism'd*, 523 U.S. 1135 (1998); *Harris v Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992).

A party may not circumvent the §1447(d) prohibition on motions for reconsideration by filing a second notice of removal which simply supplies additional evidentiary support in an effort to demonstrate the inaccuracy of the previous remand order. Thus, in this case the newly acquired deposition testimony of Dr. Schirmer is not a legitimate basis upon which the court may reassess its subject matter jurisdiction. *See e.g. Roughton v Warner-Lambert*, 2001 WL 910408 (M.D. Ala. 2001); *Nicholson v National Accounts, Inc.* 106 F. Supp.2d 1269 (S.D. Ala. 2000).

Having previously remanded this case for lack of subject matter jurisdiction pursuant to §1447(c), the court is now powerless under §1447(d) to reconsider that order and reevaluate the accuracy of its initial decision to remand. *See generally Whittley v Burlington Northern & Santa Fe R.R. Co.*, 2005 WL 221467 (8th Cir. 2005).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. This case is **REMANDED** for lack of subject matter jurisdiction to the Circuit Court of Palm Beach County, State of Florida, pursuant to 28 U.S.C. §1447(c).

2. It is further ordered that plaintiff shall recover from defendant Merck all "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal" pursuant to 28

3

U.S.C. 1447(c). *See e.g. Moates v Cargill*, 2001 WL 910410 (M.D. Ala. 2001). Plaintiff shall submit her duly supported petition for fees and costs within **TEN (10) DAYS** from the date of this order.

3. The court shall retain jurisdiction only for the limited purpose of assessing the attorney fee and cost award made pursuant to 28 U.S.C. §1447(c).

4. The clerk is directed to **CLOSE** this file, **DENY** any pending motions as **MOOT**, and send a certified copy of this order to the Clerk of the Fifteenth Judicial Circuit in and for Palm Beach County pursuant to 28 U.S.C. §1447.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this ___ day of February, 2005.

Daniel T. K. Hurley
United States District Judge

copies to:

Angelo Patacca, Esq.
Phillip L. Valente, Jr.
Patricia Lowry, Esq.
Sharon Kegerreis, Esq.

FROM:305-523-5226 USDC-FLS     9-1-904-632-0549     PAGE: 1 OF 5     CONTROL: #885646-CV

/AP
/xc + wayne



# United States District Court
## Southern District of Florida

**NOTICE:** Only certain Judges are E-NOTICING, so continue to provide envelopes for cases before non-participating Judges  Visit the court's website: www.flsd.uscourts.gov or call the Help Line (305) 523-5212 for an updated listing of participating Judges

Notice of Orders or Judgments

Date:   02/16/05

To:   Angelo Patacca (aty)
      233 East Bay Street
      Suite 804 Blackstone Bldg
      Jacksonville, FL  32202

Re: Case Number:   9:05-cv-80012     Document Number:   9

NOTE: If you are no longer an attorney in this case, please disregard this notice.
Be sure to promptly notify the Clerk of Court in writing of any changes to your name, address, law firm, or fax number. This notification should be sent for each of your active cases.
If this facsimile cannot be delivered as addressed, or you have ANY problems with this fax transmission, please call the Help Line (305) 523-5212 and the problem will be rectified. Since this transmission originated from the Clerk's Office, JUDGES CHAMBERS SHOULD NOT BE CONTACTED.

Number of pages including cover sheet:
5