IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES O. STRUTHERS, Individually, and as Administrator of the Estate of ALICIA STRUTHERS, deceased, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 2:06-cv-127-MHT |
| MERCK & CO., INC., a foreign Corporation; ANNE BRANDON, an individual; LAMONDE RUSSELL, an individual; and ficitious defendants, et al, etc., | * * * * * | |
| Defendants. | * | |

## DEFENDANT MERCK & CO., INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO REMAND

Plaintiff's request for expedited consideration of his motion to remand is precisely backward: because this case raises the same jurisdictional issues as other cases pending in the Vioxx® MDL proceeding, the Court should follow the course taken by courts around the country (including in this circuit) in more than 300 Vioxx-related cases- and recommended by both the MDL Panel and the Vioxx MDL judge – and defer consideration of plaintiff's remand motion pending MDL transfer. In fact, "[t]he general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL [court]," *Jackson v. Johnson & John, Inc.,* No. 02-2113, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001), and plaintiff's suggestion that this Court should (let alone must) consider the motion to

remand before exercising its discretion to stay proceedings simply misstates the law. Plaintiff's motion should be denied.

## ARGUMENT

There is no emergency that requires this Court to expedite briefing or consideration of Plaintiff's remand motion. To the contrary, because the JPML has conditionally transferred this case to the Vioxx MDL proceeding, and the facts and jurisdictional issues raised by Plaintiff's case overlap with cases that are already a part of that proceeding, the proper course is to stay all proceedings pending transfer. To date, nearly 1,800 Vioxx-related cases have been stayed by transferor courts, including more than 300 in which plaintiffs sought remand. Such stays are consistent with this Court's practice, that of the other federal district courts in Alabama, federal courts within the Eleventh Circuit and, indeed, throughout the country. For example, Judge Proctor of the Northern District of Alabama, just last week addressed this issue in the case of *Faircloth v. Merck & Company, Inc.*, Case No. 2:06-CV-184-RDP (N. D. Ala) (attached as **Exhibit A** to this opposition). In the *Faircloth* case, the Plaintiff requested the court to reverse its prior decision to stay the case pending MDL transfer, in order to permit Plaintiff to conduct discovery to identify the sales representative who marketed and promoted Vioxx to her prescribing physician. Plaintiff stated her intent to amend her Complaint to add that person to the case, predicting that the representative would be an in-state defendant who would destroy diversity.

Judge Proctor in his *Faircloth* memorandum opinion distinguished several diet drug cases where he had ruled on pending motions to remand while they were awaiting transfer to an MDL. Judge Proctor pointed out that the action taken by him the

previous year in the diet drug litigation cases was not appropriate now in light of the Eleventh Circuit's opinion in *Legg v. Wyeth*, 428 F. 3d 1317 (11th C. 2005). Judge Proctor said that *Legg* suggests that under Alabama law, in-state representatives are fraudulently joined if they are merely "conduits" who did not act in bad faith, citing *Legg*, 428 F. 3d at 1324-25. He went on to point out that in *Legg* the Eleventh Circuit had applied Alabama law in the context of claims based on prescription medications and found "no reasonable possibility" that the named sales representatives could be liable to plaintiffs, citing *Legg*, 428 F. 3d at 1324-25. Judge Proctor went on to conclude his comments in footnote two of the *Faircloth* opinion by stating "Post-*Legg*, it is clear that before the issue of fraudulent joinder can be decided, at least some discovery must be conducted to eliminate the depth of a representative's participation in the Plaintiff's allegations. As the court has opined above, these are matters best left to the MDL court." (*Faircloth*, at pg. 2, footnote 2.)

   Judge Proctor concluded his memorandum opinion in *Faircloth* by stating: "Moreover, the Eleventh Circuit's opinion in *Legg* also spoke against the tactic of joining individual sales representatives in pharmaceutical products' liability cases in an effort to defeat a federal court's jurisdiction. *Legg*, 428 F 3d at 1324-25. . . . For all of these reasons, this court finds that the MDL court is better equipped to consider Plaintiff's requests and therefore is not inclined to lift the previously entered stay in order to permit discovery or amendments. (*Faircloth* at pg. 3).

   Contrary to the language of federal judge William R. Wilson of the Eastern District of Arkansas quoted in Plaintiff's motion for expedited ruling, the MDL Panel and numerous courts around the country have recognized that deferring consideration of

jurisdictional issues so they can be resolved in an MDL proceeding is all the more appropriate where the issues raised by plaintiff's remand motion overlap with cases already pending before the MDL court.  *See* Letter dated Mar. 21, 2005 from JPML to Hon. Ricardo H. Hinojosa ("wait[ing] until the Panel has decided the transfer issue . . . may be especially appropriate if the [remand] motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization") (attached as Ex. B to Merck's Opposition to Plaintiff's Motion to Remand).  **That is precisely the case here.**  There are already many substantially similar cases pending in the Vioxx MDL proceeding involving fraudulently joined sales representatives.  Because the MDL court already faces many pending remand motions that overlap with the one filed in this case, it is far more efficient for the MDL judge to decide the remand motions in a coordinated manner.

In addition to the overwhelming number of transferor courts that regularly defer consideration of remand motions, it is the preference of Judge Fallon, who is presiding over the Vioxx MDL proceeding, to handle remand motions in his court for the sake of consistency and predictability.  As Judge Fallon has noted:

> There are various issues of remand in various cases throughout the country.  Again, a significant advantage of the MDL concept is some consistency.  The [r]ule of [l]aw is really based on consistency.  If different decisions are made by numerous judges, then you have no consistency and no predictability . . . .  It's easier if one court decides some of these matters than if 50 or 100 courts decide the matter.
>
> I'm conscious of dealing with the remand [motions] as quickly as possible, but I do want to get them all together . . . and deal with that issue in a consistent and fair fashion.

Transcript of June 23, 2005 Status Conference before Judge Eldon E. Fallon at 21, *In re VIOXX Prods. Liab. Litig.,* MDL 1657 (attached as Ex. A to Merck's Opposition to Plaintiff's Motion to Remand.) Federal courts have overwhelmingly agreed with Judge Fallon, and Merck respectfully requests that this Court do the same.

## CONCLUSION

The proper course in cases such as this is to defer – not expedite – consideration of Plaintiff's remand motion. For all of the foregoing reasons, Merck respectfully requests that this Court deny plaintiff's Motion for Expedited Consideration of its Motion to Remand.

DATED, this 8th day of March, 2006.

s/ Richard B. Garrett

Richard B. Garrett
  Bar Number: (ASB-0782-A29R)
Mike Brock
  Bar Number: (ASB-5280-B61R)
F. Chadwick Morriss
  Bar Number: (ASB-8504-S75F)

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone: 334/206-3100
Fax: 334/263-4157
E-mail:   rbg@rsjg.com
     rcb@rsjg.com
     fcm@rsjg.com

**Attorneys for Defendants**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on March 8, 2006, I electronically filed the foregoing with the Clerk of the court using CM/ECF system which will send notification of such filing to the following: J. Paul Sizemore.

                                    **s/Richard B. Garrett**
                                        COUNSEL